BAXTER SHEMWELL, Appellant. v. W. A. BETTS et. al.

Division One, March 2, 1915.

JUDGMENT BY DEFAULT: Against Non-Resident: Notice by Publication: Title to Land. Jurisdiction in a suit to quiet title to land, brought in the circuit court, is obtained by publication regularly made and directed to a non-resident, under the statute (Sec. 1707, R. S. 1909); and a judgment rendered by default against such non-resident after such default and without his actual knowledge, divesting the title out of him, though the records of the county at the time the suit was brought showed title in him, is unassailable by a subsequent suit in equity on any ground that he might have interposed as a defense therein, unless he was prevented from making said defense by the fraud of the plaintiff, unmixed with any negligence on his part.

*Held*, by WOODSON, J., that it is not correct to say that notice by publication regularly made gives to the circuit court "as much jurisdiction over the persons of non-residents as if they were personally served with process," but that a suit to quiet title is a proceeding *in rem*, which does not require personal service, and notice by publication does not give the court jurisdiction over the person of the non-resident defendant, but simply notifies him to appear, and if he chooses not to do so but permits judgment by default to go against the *res*, he can never again be given the opportunity by suit in equity to litigate the questions involved in the default judgment, unless it was obtained by fraud upon the court concocted by the plaintiff therein.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*E. P. Dorris* for appellant.

The proposition is, does plaintiff's petition state a cause of action? Defendants filed a demurrer to plaintiff's amended petition which admits that its allegations are true. Breimeyer v. Starr Bottling Co., 136

Mo. App. 84. The petition states a cause of action to set aside a judgment purporting to quiet the title to the premises involved and described in said petition and which said judgment was obtained in a manner which cannot be upheld in equity. Tapana v. Shaffrey, 97 Mo. App. 337; Golden v. Whiteside, 109 Mo. App. 523; Johnson v. Chilton, 111 Mo. App. 244; Davidson v. Real Estate Co., 226 Mo. 1; Howard v. Scott, 225 Mo. 685; Collier v. Easton, 2 Mo. 145; Miles v. Jones, 28 Mo. 87; Payne v. Oshea, 84 Mo. 129; Bresnehen v. Price, 57 Mo. 422; Lee v. Hannon, 84 Mo. App. 157; Smith v. Taylor, 78 Mo. App. 630; Wonderly v. Lafayette Co., 150 Mo. 635; Smoot v. Judd, 161 Mo. 673; State ex rel. v. Englemann, 86 Mo. 562. Plaintiff alleges that he is the owner of said premises and is holding under two valid tax deeds duly recorded more than three years before the said judgment, and that plaintiff in said suit not having commenced his action within three years from the time of recording the tax deeds is barred. R. S. 1909, sec. 11506a. Plaintiff further alleges that to permit said judgment to stand and thereby obtain the title to said premises and deprive plaintiff of his property, would be taking property without due process of law. Constitution, art. 2, sec. 30.

## STATEMENT.

Appellant (plaintiff below) filed an amended petition on the 17th of October, 1911, in the circuit court of Oregon county, Missouri, to which certain persons to whom one J. D. Brooks made a conveyance of a quarter section of land in said county were made defendants, together with certain incumbrancers of said land. The gravamen of plaintiff's petition is that he, a non-resident of the State of Missouri, was the owner of said quarter section of land to which he had acquired title under two tax deeds; that after the record-

ing of said deeds to him, the said J. D. Brooks, who had a deed to said premises, caused the same to be recorded with knowledge of plaintiff's rights under the tax deeds.

Plaintiff further states that the said Brooks brought an action to quiet the title to said premises to which plaintiff and other persons were made defendants in July, 1904; that plaintiff was served by publication, but made default, having no actual knowledge of the pendency of said suit; that said suit ripened into a judgment decreeing the title to said premises to be in said J. D. Brooks.

Plaintiff's petition further alleges, to-wit:

"That this plaintiff long before said suit to quiet title was instituted and disposed of and since that time up to the year 1909 has continuously paid all taxes on said premises. Plaintiff further states that in order to obtain said judgment purporting to quiet the title to said premises said J. D. Brooks then represented and claimed that he was the true legal and equitable owner thereof and had the true fee simple title thereto, when in truth and in fact he was not the owner thereof and did not have the true title to said premises, but such fact was withheld from the court and the court was thereby imposed upon and misled and deceived and such conduct operated as fraud in the very procurement of said judgment, which would not and should not have been rendered in good conscience and equity.

"Plaintiff further states that to permit said judgment to stand and thereby vest said J. D. Brooks with the title to said premises through its force and effect and divest this plaintiff of his right, title and interest in said premises should in actual operation and effect amount to taking plaintiff's property without due process of law.

"That said judgment purporting to quiet the title to said premises in plaintiff in said suit is null and void and passed no title to said J. D. Brooks to said

premises and he had no title to said premises at the time he obtained said judgment."

Plaintiff proferred to pay to the defendants the reasonable amount of any improvements which they had made on the premises purchased by them from the said J. D. Brooks, and concluded with the prayer to set aside the judgment of the circuit court in favor of said J. D. Brooks and all transactions thereunder and subsequent conveyances by him of the land therein described. To this petition the defendants demurred, for the reason that it did not state facts sufficient to constitute a cause of action.

After argument, the demurrer was sustained, plaintiff given leave to amend, which he declined to do, but stood upon his petition.

Wherefore, it was dismissed, and an appeal duly taken to this court.

## OPINION.

BOND, J. (After stating the facts as above.)—The allegations of the petition in this case disclose that the circuit court of Oregon county obtained

**Judgment by Default: Notice by Publication.**
jurisdiction in the former action brought against plaintiff to quiet the title to the land by publication prescribed by statute in suits against non-residents. [R. S. 1909, sec. 1707.] In cases falling within the purview of that statute, and where it is strictly complied with, a court of general jurisdiction in the classes of cases mentioned in the statute obtains as much jurisdiction over the persons of non-residents upon a publication regularly made as if they were personally served with process. This has been too long the settled rule in this State to be further questioned. Under the statements contained in the petition in this case, the suit in which plaintiff was served by publication was one which fell

within the class specified in the statute which, among others, embraces, to-wit:

"And in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court."

An action to quiet title undoubtedly is comprehended within the above quoted terms. The circuit court therefore in the suit brought by Brooks had jurisdiction of the subject-matter and of the person of the present plaintiff, the defendant there, in the mode provided by statute for obtaining jurisdiction against non-resident defendants. This being so, its judgment in that action is unassailable by a bill in equity except for fraud in the very procurement of the judgment itself. None of the allegations in plaintiff's petition in the present case disclose that the judgment in the former suit was fraudulently concocted. The allegations in the present action tend to show many grounds upon which plaintiff might have defended the former, but it has been uniformly held that the judgment of a court of competent jurisdiction having the jurisdiction of the cause and the parties, cannot be upset by a subsequent suit in equity on any ground which might have been interposed as a defense to the former action, unless the party entitled to such defense has been prevented from making use of it by the fraud of his adversary, unmixed with any negligence on his part. This principle has been recently reaffirmed in a case containing a full citation of the authorities in this State. [McDonald v. McDaniel, 242 Mo. l. c. 176, and cases cited.]

Our conclusion is that there was no error in the ruling of the learned trial court in sustaining the demurrer to plaintiff's petition. The judgment herein is affirmed. All concur, *Woodson, J.,* in a separate opinion.

WOODSON, J. (Concurring in result, but dissenting as to some of the language used.)—On page three of my learned associate's opinion it is in substance, if not literally stated, that notice to the defendant, a non-resident, by publication, gave the circuit court of Oregon county "as much jurisdiction over the persons of non-residents upon publication regularly made, as if they were personally served with process."

**Personal Service: Notice by Publication.**

While, if read in connection with the facts of this particular case, which it should be, there would be no grounds for misunderstanding, but often both the bench and bar give effect to the general language used by the court, regardless of the limitations which should accompany the same, as shown by the facts of the case when carefully read.

Now, the truth of the matter is, that in the case of Brooks vs. the plaintiff here and others, referred to by my learned brother, in this case, was nothing more or less than a proceeding *in rem* to quiet title (which did not require, in that case, personal service), nor did it give the circuit court of Oregon county jurisdiction over the person of Shemwell, one of the defendants there and the plaintiff here, as that word is generally used in legal parlance. He was simply notified to appear, if he saw proper to so do, and defend that case; but if he deemed it wise to remain away and let judgment go by default against the *res*—the land—then the courts of this State, at least, will never again give him another opportunity to litigate the questions involved in such default case.

The question as to what effect has a judgment rendered by default against a non-resident defendant upon publication, has attracted the attention not only of the courts of this State, but of many, if not all of the courts of last resort in most of the other States and of the

United States. While there is a great conflict among them, yet, if critically read and considered, I believe the greatest confusion among them has grown out of the fact that guarded language has not at all times been used in dealing with the question of jurisdiction acquired over the person of non-residents by publication, and the character of judgment (the incident thereof) that may or may not be rendered thereon. If the decree is to affect the *res* only, then it is valid, that is, if it imposes no personal obligations upon the non-resident over and above debarring him of any future right to litigate the questions involved in that case, *affecting the res;* but if the judgment should go further and impose any personal obligation upon or demand of any kind against the defendant therein, then under both the State and Federal constitutions that excess would be absolutely null and void; and may be attacked collaterally or otherwise.

With the limitations herein suggested I fully concur in Brother Bond's opinion.